(June 25, 1968)

TOWN OF GREENBURGH et al., Respondents-Appellants, RITA H. SATZ et al., Respondents, and TOWN OF YORKTOWN et al., Intervenors Respondents, v. BOARD OF SUPERVISORS OF WESTCHESTER COUNTY, Appellant-Respondent, and EDWIN G. MICHAELIAN et al., Respondents.— In an action for judgment declaring invalid certain reapportionment plans proposed by the defendant Board of Supervisors of Westchester County, in the form of three local laws, (a) the defendant Board of Supervisors of Westchester County appeals from so much of a judgment of the Supreme Court, Westchester County, dated June 4, 1968, as held Local Law Intro. No. 3–1968 to be unconstitutional; and (b) the plaintiffs Town of Greenburgh and the Town Board of Greenburgh cross-appeal from so much of said judgment as held Local Law Intro. No. 5–1968 to be constitutional. Judgment affirmed insofar as appealed and cross-appealed from, without costs. In our opinion, the factual reasons set forth in the learned Special Term's written decision adequately support the conclusion that Local Law Intro. No. 3–1968, as a weighted voting proposal, fails to observe the appropriate constitutional requirements in that it does not provide for the necessary substantial equality of representation. It was properly held that this proposed plan fails to accord to each legislator a voting power, measured by the mathematical possibility of his casting a decisive vote, approximate to the power which he would have in a legislative body which did not employ weighted voting (*Iannucci* v. *Board of Supervisors of County of Washington*, 20 N Y 2d 244, 251–252). In our further opinion, it was properly held that Local Law Intro. No. 5–1968 was constitutional. The objection that this plan was formulated upon the basis of 1960 census figures for assembly districts is without merit, since these districts were held to be a constitutional apportionment in 1966 (*Matter of Orans*, 17 N Y 2d 107). Christ, Acting P. J., Rabin, Benjamin, Munder and Martuscello, JJ., concur.